# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Unula Boo Shawn Abebe, | ) C/A No. 0:11-2750-MBS-PJG |
| Plaintiff, | ) |
| vs. | ) **REPORT AND** |
| | ) **RECOMMENDATION** |
| Maurice Green; Lieutenant Scott; Karen McCullough; Sharonda Sutton; Lieutenant Hudson; Kenneth Parker; Robert Stevenson; Lula Johnson; Al Walker; Nurse Johnson; Lieutenant S. Jackson; Percy Jones; Lieutenant Carter; South Carolina; Willie Simmons; Lieutenant T. Johnson; Sergeant Devon Scott; Sergeant Fogal; Sergeant H. Wright; Sergeant J.C. Williams; Sergeant Glass; Sergeant Oakman; Sergeant R. Jones; Lieutenant Faley; Corporal Furgal; Corporal Dooley; Corporal Corey Beckett; Larry Catlidge; Jermaine McCoy; John English; Clifton Davenport; M. Brady; Officer McDaniels; Officer Cox; Officer Stone; Officer Sorez; Officer Roberts; Officer Brown; John Irmo; J. Dixon; T. Edmond; Corporal Manley; Officer Hamleton; Officer Moses; Roselyn Elerby; Ann Hallman; Investigator Hurt; Sergeant T. Esterline; Officer Williams; Lieutenant R. Jefferson; Aaron Wilson; Officer Fant; Ofc Hardy; Ofc Grittle; Officer Ms. Cook; Officer Mr. Cook; Ofc Dickson; Doctor John B. Tomarchio; William Byars, | ) |
| Defendants. | ) |

Plaintiff Unula Boo Shawn Abebe ("Plaintiff"), a self-represented state prisoner, files this case *in forma pauperis* pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC.[1] Defendant State of South Carolina is immune from suit, and Plaintiff fails to state a claim for relief against

---

[1] The courts observes that initial screening in this matter was delayed due to the Plaintiff's repeated amendments to the Complaint.



Defendants Sergeant Devon Scott; Sergeant Fogal; Sergeant H. Wright; Sergeant Glass; Sergeant Oakman; Sergeant R. Jones; Lieutenant Faley; Jermaine McCoy; John English; Clifton Davenport; M. Brady; Officer McDaniels; Officer Cox; Officer Stone; Officer Roberts; Officer Brown; John Irmo; J. Dixon; T. Edmond; Corporal Manley; Officer Hamleton; Officer Moses; Roselyn Elerby; Ann Hallman; Investigator Hurt; Aaron Wilson; Officer Fant; Ofc Hardy; Ofc Grittle; Officer Ms. Cook; Officer Mr. Cook; Ofc Dickson; and William Byars. Therefore, the court recommends that these defendants be summarily dismissed.

Plaintiff has filed a motion that has been docketed as a motion for a temporary restraining order ("TRO"). (ECF No. 3.) For the reasons below, the court recommends that the motion for a TRO be denied.

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937 (2009); Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the



action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[2]  28 U.S.C. § 1915(e)(2)(B).  A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact."  Denton, 504 U.S. at 31.  Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*.  Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case.  Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint, the plaintiff's factual allegations are assumed to be true.  Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

---

[2] Screening pursuant to § 1915A is subject to this standard as well.



Moreover, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). Although the court must liberally construe a *pro se* complaint, the United States Supreme Court has recently made clear that, under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff in any civil action must do more than make mere conclusory statements to state a claim. See Iqbal, 129 S. Ct. at 1949; Twombly, 550 U.S. at 555. Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face.[3] Iqbal, 129 S. Ct. at 1949; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's *factual* allegations, not its legal conclusions. Iqbal, 129 S. Ct. at 1949; Twombly, 550 U.S. at 555.

Expounding on its decision in Twombly, the United States Supreme Court stated in Iqbal:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and

---

[3] Although the Iqbal Court was addressing pleading standards in the procedural context of a Rule 12(b)(6) motion, the court finds that those standards also apply in the court's initial screening of a complaint pursuant to §§ 1915(e)(2) and 1915A, since Iqbal discusses the general pleading standards of Rule 8, which apply in all civil actions. Iqbal, 129 S. Ct. at 1949-51. Moreover, §§ 1915(e)(2) and 1915A(b) permit *sua sponte* dismissal of a complaint that fails to state a claim upon which relief can be granted, which is essentially the same standard found in Rule 12(b)(6). See McLean v. United States, 566 F.3d 391, 396 (4th Cir. 2009) ("When the word 'dismissed' is coupled with the words '[for] fail[ure] to state a claim upon which relief may be granted,' the complete phrase has a well-established legal meaning.").



> conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555, 556, 557, 570) (citations omitted); see also Bass v. Dupont, 324 F.3d 761, 765 (4th Cir. 2003).

## BACKGROUND AND DISCUSSION

Plaintiff alleges that has been confined to a "control cell" with all items, including bedding and clothing, confiscated. (ECF No. 9-5 at 5.) He alleges that in the most recent instance he has been confined to a control cell for 217 days, and counting. (Id.) During this period, he alleges that he was deprived of the opportunity to bathe for 113 days (ECF No. 9-5 at 5); was deprived of the opportunity to brush his teeth for over three months, causing gum problems (ECF No. 9-5 at 5, 11-12); was forced to remain naked for four months (ECF No. 9-5 at 5); and still has no sheet, blanket, or mattress, forcing him to sleep on the floor, which has resulted in back and other pain. (ECF No. 9-5 at 5.) He alleges that he was sprayed with mace before the period he was not allowed to bathe, and denied medical attention for the burns to his eyes and skin caused by the mace. (ECF No. 9-5 at 5-6.) He additionally alleges that he has been denied access to the courts when his legal materials were confiscated, resulting in missing court deadlines. (ECF No. 9-5 at 15-16.)

Plaintiff filed an initial complaint (ECF No. 1) against fifteen defendants, and provided service documents for all the initial defendants. Plaintiff has since filed an



amended complaint[4] (ECF No. 9) naming forty-four additional defendants, thirty-three of whom are subject to dismissal at this time. Defendants Sergeant Devon Scott; Sergeant Fogal; Sergeant H. Wright; Sergeant Glass; Sergeant Oakman; Sergeant R. Jones; Lieutenant Faley; Jermaine McCoy; John English; Clifton Davenport; M. Brady; Officer McDaniels; Officer Cox; Officer Stone; Officer Roberts; Officer Brown; John Irmo; J. Dixon; T. Edmond; Corporal Manley; Officer Hamleton; Officer Moses; Roselyn Elerby; Ann Hallman; Investigator Hurt; Aaron Wilson; Officer Fant; Ofc Hardy; Ofc Grittle; Officer Ms. Cook; Officer Mr. Cook; Ofc Dickson; and William Byars are all subject to summary dismissal, because while their names are listed on the Amended Complaint, Plaintiff has made no allegations against them. Defendant State of South Carolina is also subject to dismissal as the state enjoys Eleventh Amendment immunity.

The case against the above-listed defendants is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii),[5] as Plaintiff has failed to state a claim for relief under § 1983. Section 1983 " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " Albright v. Oliver, 510 U.S. 266, 271(1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege: (1) that

---

[4] The original Complaint is attached to the Amended Complaint at ECF No. 9, Attachment 5.

[5] 28 U.S.C. § 1915(e)(2)(B)(ii) says the court must dismiss a case if it determines the complaint "fails to state a claim on which relief may be granted."



a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

While *pro se* complaints are liberally construed, to state a claim for relief a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A pleading that offers no more than a conclusion does not state a claim for relief. Iqbal, 129 S. Ct. 1937. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." Id. at 1949, quoting Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id., citing Twombly, 550 U.S. at 556. In the instant complaint, Plaintiff has failed to offer factual content sufficient to draw an inference as to any alleged misconduct on the part of these above-listed individual defendants, as he has alleged no facts whatsoever against them.

The State of South Carolina is protected from a suit brought pursuant to § 1983 by the Eleventh Amendment, which forbids a federal court from rendering a judgment against an unconsenting state in favor of a citizen of that state. Edelman v. Jordan, 415 U.S. 651, 663 (1974). Although this language does not explicitly prohibit a citizen of a state from suing his own state in federal court, the Supreme Court, in Hans v. Louisiana, 134 U.S. 1, (1890), held that the purposes of the Eleventh Amendment would not be served if a state could be sued by its citizens in federal court. The Eleventh Amendment also bars this court from granting injunctive relief against the state. See Seminole Tribe of Florida v. Florida, 517 U.S. 44, 58 (1996) ("[T]he relief sought by a plaintiff suing a State is irrelevant



to the question whether the suit is barred by the Eleventh Amendment."); see also Alabama v. Pugh, 438 U.S. 781 (1978).  State agencies and state instrumentalities share this immunity when they are the alter egos of the state.  See Regents of the Univ. of California v. Doe, 519 U.S. 425, 429 (1997).  As the State of South Carolina is protected from suit by Eleventh Amendment immunity, the case against that defendant should be summarily dismissed.[6]

## MOTION FOR A TEMPORARY RESTRAINING ORDER

Plaintiff has submitted a document which has been docketed as a Motion for a Temporary Restraining Order.  (ECF No. 3.)  In his motion, Plaintiff requests a mattress in order to avoid further back pain and alleges that he has been forced to sleep without a mattress for two hundred and seventeen days.

A temporary restraining order should be restricted to serving the underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer.  Granny Goose Foods v. Bhd. of Teamsters & Auto Truck Drivers, 415 U.S. 423, 439 (1974).  Federal Rule of Civil Procedure 65 provides that "[t]he Court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:  (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in

---

[6] While the United States Congress can override Eleventh Amendment immunity through legislation, Congress has not overridden the states' Eleventh Amendment immunity in § 1983 cases.  See Quern v. Jordan, 440 U.S. 332, 343 (1979).  In addition, a state may consent to a suit in a federal district court.  See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 99 & n.9 (1984).  However, the State of South Carolina has not consented to such actions.  See S.C. Code Ann. § 15–78–20(e).



writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).

Plaintiff merely restates the facts of his Complaint in his motion. While he realleges that he has been forced to sleep without a mattress for two hundred seventeen days—and that he has experienced back and joint pain as a result—he does not present additional facts in the motion that explain why "immediate and irreparable injury" will occur "before the adverse party can be heard in opposition." He alleges no emergent condition suffered due to a lack of a mattress, nor does he explain how this long-standing prison condition will, if it continues until an adverse party can be heard, lead to an immediate and irreparable injury. In the absence of the necessary specific facts, the undersigned recommends that the motion for a temporary restraining order be denied and that the defendants upon whom service is recommended be provided an opportunity to respond to the Plaintiff's motion for injunctive relief pursuant to Rule 65(a).

## RECOMMENDATION

Accordingly, the court recommends that the Complaint be dismissed without prejudice as to the State of South Carolina and Defendants Sergeant Devon Scott; Sergeant Fogal; Sergeant H. Wright; Sergeant Glass; Sergeant Oakman; Sergeant R. Jones; Lieutenant Faley; Jermaine McCoy; John English; Clifton Davenport; M. Brady; Officer McDaniels; Officer Cox; Officer Stone; Officer Roberts; Officer Brown; John Irmo; J. Dixon; T. Edmond; Corporal Manley; Officer Hamleton; Officer Moses; Roselyn Elerby; Ann Hallman; Investigator Hurt; Aaron Wilson; Officer Fant; Ofc Hardy; Ofc Grittle; Officer Ms. Cook; Officer Mr. Cook; Ofc Dickson; and William Byars without issuance and service of process on these defendants. See United Mine Workers v. Gibbs, 383 U.S. 715 (1966);

see also Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972). Additionally, the plaintiff's motion for a TRO does not meet the applicable standard for an injunction to issue without notice. The court therefore recommends that his motion be denied to the extent that it seeks relief without notice to the defendants.[7] (ECF No. 3.)

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

December 5, 2011
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

---

[7] By order filed contemporaneously herewith, the court has directed the defendants served with the Complaint to file a response to the Plaintiff's motion so that it may be addressed in accordance with Rule 65(a).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).