IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Unula Boo-Shawn Abebe a/k/a Unula B Abebe, | ) ) ) | C/A No.   5:11-cv-2750-MBS-KDW |
| Plaintiff, | ) ) | |
| vs. | ) ) | ORDER |
| Lieutenant Carter, Maurice Green, et al., | ) ) | |
| Defendants. | ) ) | |

This matter is before the court on Plaintiff's Motion to Compel Discovery filed on June 1, 2012. ECF No. 80. Defendants did not file a response to Plaintiff's motion. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983.

Federal Rule of Civil Procedure 37 provides that if a party fails to respond to discovery, the party seeking discovery may move for an order compelling production. The decision to grant or to deny a motion to compel discovery rests within the broad discretion of the trial court. *See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995) (holding the "Court affords a district court substantial discretion in managing discovery and reviews the denial or granting of a motion to compel discovery for abuse of discretion.") (internal citation omitted); *LaRouche v. Nat'l Broad. Co., Inc.*, 780 F.2d 1134, 1139 (4th Cir. 1986) (holding "[a] motion to compel discovery is addressed to the sound discretion of the district court.")).

Plaintiff's Motion to Compel requests that the court order Defendants to provide Plaintiff with copies of the material requested in Plaintiff's discovery requests. ECF No. 80. Plaintiff contends that he served discovery on February 24, 2012 and as of April 6, 2012, he had not received the material requested. *Id.* Plaintiff attached a copy of Defendants' responses to Plaintiff's discovery requests in support of his motion. *Id.* The court has reviewed Defendants' responses to Plaintiff's discovery requests, and finds that Defendants objections to Requests for Production numbers 5, 6, and 7, regarding security concerns are well-founded. The court finds that Defendants' relevancy objections to Request for Production numbers 1, 2, 3, 4, 18, 23, and 35 are valid in that the information Plaintiff sought in these requests is not likely to provide information relevant to Plaintiff's claims. The court finds that Defendants have sufficiently responded to Plaintiff's remaining Requests for Production and have provided Plaintiff with documents and material relevant to the prosecution of his case. Accordingly, Plaintiff's Motion to Compel, ECF No. 80, is denied.

IT IS SO ORDERED.

August 27, 2012  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge