IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Unula Boo Shawn Abebe, | ) C/A No. 5:11-02750-MBS-KDW |
| Plaintiff, | ) |
| vs. | ) **ORDER AND OPINION** |
| Maurice Green; Lieutenant Scott; Karen McCullough; Sharonda Sutton; Lieutenant Hudson; Kenneth Parker; Robert Stevenson; Lula Johnson; Al Walker; Nurse Johnson; Lieutenant S. Jackson; Percy Jones; Lieutenant Carter; South Carolina; Willie Simmons; Lieutenant T. Johnson; Sergeant Devon Scott; Sergeant Fogal; Sergeant H. Wright; Sergeant J.C.Williams; Sergeant Glass; Sergeant Oakman; Sergeant R. Jones; Lieutenant Faley; Corporal Furgal; Corporal Dooley; Corporal Corey Beckett; Larry Catlidge; Jermaine McCoy; John English; Clifton Davenport; M. Brady; Officer McDaniels; Officer Cox; Officer Stone; Officer Sorez; Officer Roberts; Officer Brown; John Irmo; J. Dixon; T. Edmond; Corporal Manley; Officer Hamleton; Officer Moses; Roselyn Elerby; Ann Hallman; Investigator Hurt; Sergeant T. Esterline; Officer Williams; Lieutenant R. Jefferson; Aaron Wilson; Officer Fant; Officer Hardy; Officer Grittle; Officer Ms. Cook; Officer Mr.Cook; Officer Dickson; Doctor John B. Tomarchio; William Byars, | ) |
| Defendants. | ) |

On October 12, 2011, Unula Boo Shawn Abebe ("Plaintiff"), a state prisoner, brought this action pro se pursuant to 28 U.S.C. § 1983, alleging that he was subject to unconstitutional conditions of confinement. On the same day, Plaintiff filed a motion for a temporary restraining order seeking to have Defendants provide him with a mattress. ECF No. 3. On November 4, 2011, Plaintiff filed a document entitled "criminal complaint" that was docketed as an amended complaint. ECF No. 9. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule

73.02(B)(2), this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling.

On December 5, 2011, the Magistrate Judge issued a Report and Recommendation in which she recommended that Plaintiff's motion for a temporary restraining order be denied ECF No. 11. The Magistrate Judge also reviewed the amended complaint pursuant to the procedural provisions of 28 U.S.C. §§ 1915 and 1915A. The Magistrate Judge recommended that the complaint be summarily dismissed without prejudice as to thirty-three Defendants on the grounds that Plaintiff failed to include allegations against them.[1] *Id.* The Magistrate Judge also recommended that Plaintiff's claims against the State of South Carolina be summarily dismissed on the basis of Eleventh Amendment immunity. *Id.* The Magistrate Judge filed contemporaneously with her Report and Recommendation an order requiring Plaintiff to provide service documents for the eleven Defendants named in the amended complaint not subject to dismissal.[2] ECF No. 12. The Magistrate Judge granted Plaintiff until January 3, 2012, to bring the case into proper form. *Id.*

Instead of complying with the Magistrate Judge's order, on December 19, 2011, Plaintiff filed a motion for relief from order and a document entitled "judicial notice." ECF No. 16 & 17. Plaintiff argued that the document docketed on November 4, 2011, as Plaintiff's amended

---

[1] The defendants for whom dismissal was recommended are Defendants Sergeant Devon Scott; Sergeant Fogal; Sergeant H. Wright; Sergeant Glass; Sergeant Oakman; Sergeant R. Jones; Lieutenant Faley; Jermaine McCoy; John English; Clifton Davenport; M. Brady; Officer McDaniels; Officer Cox; Officer Stone; Officer Roberts; Officer Brown; John Irmo; J. Dixon; T. Edmond; Corporal Manley; Officer Hamleton; Officer Moses; Roselyn Elerby; Ann Hallman; Investigator Hurt; Aaron Wilson; Officer Fant; Officer Hardy; Officer Grittle; Officer Ms. Cook; Officer Mr. Cook; Officer Dickson; and William Byars.

[2] The defendants for whom Plaintiff was instructed to provide service documents are Defendants Lieutenant T. Johnson; Sergeant J.C. Williams; Corporal Furgal; Corporal Dooley; Corporal Corey Beckett; Doctor John B. Tomarchio; Larry Catlidge; Officer Sorez; Sergeant T. Esterline; Officer Williams; and Lieutenant R. Jefferson, all of whom were named in the amended complaint.

2

complaint was meant to commence a criminal action against Defendants named therein. The same day, Plaintiff also filed objections to the Magistrate Judge's Report and Recommendation. ECF No. 18. On February 22, 2012, the Magistrate Judge denied Plaintiff's motion for relief from order and motion for judicial notice.[3] ECF No. 53. On July 26, 2012, Plaintiff appealed the Magistrate Judge's February 22, 2012 order, which the Fourth Circuit dismissed for lack of jurisdiction because the order was not a final order. *Abebe v. Scott*, No. 12-6452, 2012 WL 3111872 (4th Cir., Aug. 1, 2012) (per curiam).

## DISCUSSION

A.   *Appeal from the Magistrate Judge's Order*

In Plaintiff's objections, he reiterates the argument put forth in his motion for relief from order and motion for judicial notice. Again, Plaintiff complains that the document docketed on November 4, 2011, as Plaintiff's amended complaint was intended to institute a criminal action against Defendants named therein. ECF No. 17.

The court understands this objection as directed towards the Magistrate Judge's ruling on February 22, 2012, rather than towards her Report and Recommendation. Thus, the court construes the objection as an appeal of the Magistrate Judge's February 22, 2012 order pursuant to FED. R. CIV. P. 72(a), which provides:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

---

[3] Magistrate Judge Paige J. Gossett is no longer assigned to this case. The case was reassigned to United States Magistrate Judge Kaymani D. West on January 2, 2012.

The Magistrate Judge treated Plaintiff's "criminal complaint" as a civil complaint because a private citizen cannot institute a criminal case. *See Diamond v. Charles*, 476 U.S. 54, 64 (1986) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). To the extent Plaintiff expresses concern that the "criminal complaint" will supersede Plaintiff's lengthier and more detailed original complaint, that concern is unwarranted. Plaintiff attached to his "criminal complaint" the original complaint. The Magistrate Judge considered the allegations both in the original complaint and in the "criminal complaint" when evaluating Plaintiff's motion for a temporary restraining order. The court has thoroughly reviewed the record and discerns no grounds upon which to find that the Magistrate Judge's order was clearly erroneous or contrary to law, nor does Plaintiff articulate any such grounds. The Magistrate Judge's February 22, 2012 order is affirmed.

**B.**   ***Report and Recommendation***

The court now considers Plaintiff's objections to the Magistrate Judge's Report and Recommendation. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b) (1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* This court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.*

Plaintiff objects to the Magistrate Judge's recommendation that his motion for a temporary restraining order be denied. Plaintiff's objection is stated in general terms and fails to identify a specific error. The district court need not conduct a de novo review when a party

4

makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47–48 (4th Cir.1982). Plaintiff has not objected to the Magistrate Judge's recommendation that the claims against the thirty-three above-referenced Defendants and the State of South Carolina be summarily dismissed. Nevertheless, the court has thoroughly reviewed the record and discerns no error in the Magistrate Judge's findings.

## CONCLUSION

The court adopts the Report and Recommendation and incorporates it herein by reference. Plaintiff's motion for a temporary restraining order, ECF No. 3, is denied and the claims against the above-referenced thirty-three Defendants and the State of South Carolina are dismissed. The Magistrate Judge's February 22, 2012 order is affirmed. The matter is recommitted to the Magistrate Judge for additional pretrial handling.

**IT IS ORDERED.**

    S/ Margaret B. Seymour
    Margaret B. Seymour
    Chief United States District Judge

Columbia, South Carolina
September 19, 2012