IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Unula Boo-Shawn Abebe a/k/a Unula B. Abebe, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Lieutenant Carter, Maurice Green, et al., )<br>)<br>Defendants. )<br>) | Civil Action No.: 5:11-cv-2750-RMG<br><br>**ORDER** |

This matter comes before the Court on the Report and Recommendation of the Magistrate Judge (Dkt. No. 94) recommending that the Court grant in part and deny in part Defendants' motion for summary judgment. For the reasons set forth below, the Court agrees with and adopts the Report and Recommendation of the Magistrate Judge.

**Background**

This matter was filed by Plaintiff *pro se* pursuant to 42 U.S.C. § 1983. As a result, this case was automatically referred to a United State Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) DSC. On May 7, 2012, Defendants moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (Dkt. No. 73). The Court then issued a *Roseboro* order (Dkt. No. 75), and Plaintiff filed a response in opposition to the motion (Dkt. No. 81). On January 23, 2013, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that Defendants' motion for summary judgment be granted in part and denied in part. (Dkt. No. 94). Plaintiff then timely filed objections on February 7, 2013. (Dkt. No. 99).

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

## Law/Analysis

In her R&R, the Magistrate Judge recommended the Court grant Defendants' motion for summary judgment regarding Defendants' Eleventh Amendment Immunity defense, on Plaintiff's claim for deprivation of personal property, and on Plaintiff's claim for Defendants' failure to accurately and timely process grievances. (Dkt. No. 94). The Magistrate Judge then recommended the Court deny without prejudice all remaining grounds for summary judgment raised in Defendants' motion. The Court finds that the Magistrate Judge applied sound legal principles to the facts of the case, and therefore adopts the R&R as the order of the Court.

Plaintiff objects to the Magistrate Judge's rulings regarding Eleventh Amendment Immunity and his claim for deprivation of personal property. The Court finds his objections are unavailing. Plaintiff argues that Eleventh Amendment Immunity is inapplicable to his case because he is seeking injunctive and declaratory relief. (Dkt. No. 99 at 1) (citing *S.C. Wildlife Fed'n v. Limehouse*, 549 F.3d 324, 331-32 (4th Cir. 2008)). However, Plaintiff is no longer an inmate at the facility which gave rise to his claims, the Broad River Correctional Institute. (Dkt. No. 94 at 2). Therefore, his claims for declaratory and injunctive relief are moot. *See Johnson v.*

*Padula*, No. 3:10-70-HFF, 2010 WL 4483976, at n.2 (D.S.C. Oct. 5, 2010) (citing *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991)).

Plaintiff next objects that the Magistrate Judge improperly relied on *Mora v. City of Gaithersburg*, 519 F.3d 216, 230-32 (4th Cir. 2008), to hold that his claim for deprivation of personal property is not cognizable under § 1983 because adequate procedures exist under state law for him to recover the property or be financially compensated for the loss. Plaintiff argues that *Mora* improperly overruled an earlier Fourth Circuit opinion which held "[a] § 1983 claimant does not have to exhaust state judicial remedies before pursuing his federal causes of action." *Scott v. Vandiver*, 476 F.2d 238, 239-40 (4th Cir. 1973). Plaintiff's objection misunderstands the Magistrate Judge's ruling. The Magistrate Judge did not rule that Plaintiff has failed to exhaust his state remedies prior to bringing this § 1983 action, but rather that his state remedies are all the procedure that he is due under the law. *See Parratt v. Taylor*, 451 U.S. 527, 543-44 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986).

Plaintiff has not objected to the Magistrate Judge's ruling regarding his claim for Defendants' alleged failure to accurately and timely process grievances. The Court, having reviewed the record and the applicable law, finds that the Magistrate Judge applied sound legal principles to this claim and therefore adopts her recommendation.

## Conclusion

For the reasons set forth above, the Court agrees with and adopts the R&R as the order of the Court. (Dkt. No. 94). Accordingly, Defendants' motion for summary judgment is GRANTED in part and DENIED in part. Specifically, the Court GRANTS Defendants' motion for summary judgment as to Defendants' Eleventh Amendment Immunity defense and Plaintiff's

deprivation of personal property and failure to provide and address grievances claims. The Court DENIES without prejudice Defendants' remaining summary judgment grounds.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

February 20, 2013
Charleston, South Carolina