IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Unula Boo-Shawn Abebe a/k/a Unula B. Abebe, | ) ) ) |
| Plaintiff, | ) C/A No.: 5:11-cv-2750-RMG ) ) |
| v. | ) ) ) **ORDER** |
| Lieutenant Carter, Maurice Green, et al., | ) ) |
| Defendants. | ) ) |

This matter is before the Court on Plaintiff's motions to review certain orders, (Dkt. No. 163), to vacate reference of pretrial matters to the Magistrate Judge, (Dkt. No. 164), and to alter or amend a judgment, (Dkt. No. 169). For the reasons set forth below, these motions are denied.

1.) Motion for Review (Dkt. No. 163)

Plaintiff's "motion for review" asks the Court to correct the improper labeling of a "criminal complaint" which he submitted to the Court. (Dkt. Nos. 6, 163). Plaintiff complains that the Court labeled this document as an amended complaint but he never intended it to have that effect. He desires to proceed based on his original complaint. (Dkt. No. 1). The Magistrate Judge noted this problem in her R&R dated January 23, 2013, (Dkt. No. 94 at 2 n.3), and she accordingly proceeded by giving the initial complaint full consideration and treating the subsequent "criminal complaint" as a supplement. The Court finds no clear error in this ruling and finds that this case is proceeding on the basis of the allegations in the original complaint.

Plaintiff also seeks a reversal of the Magistrate Judge's order denying his motion to compel dated April 6, 2012. (Dkt. Nos. 80, 85). The Magistrate Judge issued that order on August 27, 2012, more than a year before Plaintiff filed this motion. Further, discovery in this case ended on March 26, 2012. (Dkt. No. 45). Thus, the Court finds this motion is not timely

1

made and further finds that the Magistrate Judge did not clearly err in denying the motion. *See* Fed. R. Civ. P. 72(a) (objections to nondispositive matters should be raised within 14 days of the Magistrate Judge's order).

2.) <u>Motion to Vacate Reference of Matters to the Magistrate Judge (Dkt. No. 164)</u>

Plaintiff seeks to vacate reference of this action to the Magistrate Judge pursuant to Rule 73(b)(3) of the Federal Rules of Civil Procedure which states that a district judge may vacate a referral where a party shows extraordinary circumstances.[1] Plaintiff argues extraordinary circumstances exist because several of his motions to compel discovery have been denied and because he disagrees with various other rulings. The Court finds this falls far short of the "extraordinary circumstances" envisioned by the rule. *See Dowell v. Blackburn*, 776 F. Supp. 283, 284 (W.D. Va. 1991) ("Adverse decisions, absent clear prejudicial abuse by the magistrate judge, . . . do not constitute 'good cause' or 'extraordinary circumstances.'")

Plaintiff has also filed an "Emergency Motion to Alter or Amend" related to his motion to vacate reference of matters to the Magistrate Judge. (Dkt. No. 169). This "emergency motion" states that the Court improperly labeled Docket Entry 164 as a "Motion for Recusal." The Court finds that Plaintiff clearly identified Docket Entry 164 as a motion to vacate under Rule 73(b) of the Federal Rules of Civil Procedure and the Court has interpreted the motion consistent with the rules and statutes cited therein.

**Conclusion**

For the reasons set forth above, the Court denies Plaintiff's motions. (Dkt. Nos. 163, 164, 169).

---

[1] As written, it appears that Rule 73(b) only applies where a Magistrate Judge is designated by consent of the parties under 28 U.S.C. § 636(c) and therefore would not apply in this case where the Magistrate Judge was automatically referred under § 636(b). However, other courts have applied Rule 73(b) in § 636(b) cases and the Court will do so here. *See Gonzalez v. Rakkas*, 846 F. Supp. 229, 233 (E.D.N.Y. 1994).

2

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

October 1, 2013
Charleston, South Carolina