IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Unula Boo-Shawn Abebe a/k/a Unula B. Abebe, | ) ) ) |
| Plaintiff, | ) C/A No.: 5:11-cv-2750-RMG ) ) |
| v. | ) ) ) **ORDER** |
| Lieutenant Carter, Maurice Green, et al., | ) ) |
| Defendants. | ) ) |

This matter is before the Court on Plaintiff's motion to alter or amend a judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (Dkt. No. 116). Through this motion, Plaintiff requests the Court review its order denying his motion for relief from a judgment or order pursuant to Federal Rule of Civil Procedure 60(b). (Dkt. No. 114).

Federal Rule of Civil Procedure 59(e) governs motions to alter or amend a judgment; however, the rule does not provide a standard courts may use to grant such motions. The Fourth Circuit has articulated "three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citing *EEOC v. Lockheed Martin Corp.*, 116 F.3d 110, 112 (4th Cir. 1997); *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993)). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pac. Ins. Co.*, 148 F.3d at 403 (internal citations omitted). Rule 59(e) provides an "extraordinary remedy that should be used sparingly." *Id.* (internal citation omitted).

1

Plaintiff does not assert a change in law or new evidence, and thus must rely on a "clear error of law" or "manifest injustice" in the Court's prior order. Plaintiff complains the Court erroneously concluded that his claims for injunctive and declaratory relief were mooted by his transfer because his conditions did not materially change in the new facility. The Court finds no clear error in this ruling based on the reasoning set forth in *Williams v. Griffin*, 952 F.2d 820 (4th Cir. 1991). The Court does not interpret that case, as urged by Plaintiff, to require a finding by the Court that a prisoner's conditions must materially improve by the transfer in order to render his claims for equitable and declaratory relief moot.

Plaintiff next challenges the Court's finding that it properly exercised its discretion in granting Defendants an extension of time to file a renewed motion for summary judgment. The Court finds no clear error in this ruling. The Magistrate Judge's Report and Recommendation denied without prejudice Defendants' motion for summary judgment on several grounds, (Dkt. No. 94), and Defendants then requested the Court allow them sixty days to file a renewed motion addressing the grounds for which their motion was denied without prejudice, (Dkt. No. 97). The Court found good cause for granting the extension based on the Magistrate Judge's recommendation to deny Defendants' motion without prejudice on certain grounds and because Defendants have been diligent in preparing their defense of this case. Defendants adequately explained the reason for their requested extension in their motion. (Dkt. No. 97).

Accordingly, Plaintiff's motion is DENIED. (Dkt. No. 116).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

October 8, 2013
Charleston, South Carolina

2