IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Unula Boo-Shawn Abebe a/k/a Unula B. Abebe, | ) ) ) ) |
| Plaintiff, | ) No. 5:11-cv-2750-RMG ) ) |
| v. | ) ) ORDER ) |
| Lieutenant Carter, Maurice Green, et al., | ) ) |
| Defendants. | ) ) |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge recommending the Court grant in part and deny in part Defendants' supplemental motion for summary judgment and deny Plaintiff's motion for leave to file a supplemental complaint. (Dkt. No. 183). For the reasons set forth below, the Court agrees with and adopts the R&R as the order of the Court.

## Background

Plaintiff, proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. As a result, this case was automatically referred to a United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) DSC. On April 8, 2013, Defendants filed a supplemental motion for summary judgment. (Dkt. No. 120). Plaintiff then filed a response, (Dkt. No. 136), and Defendants filed a reply, (Dkt. No. 140). Plaintiff then filed a motion for leave to file a supplemental complaint. (Dkt. No. 144). The Magistrate Judge then issued the present R&R. (Dkt. No. 183). Defendants and Plaintiff then filed timely objections to the R&R. (Dkt. No. 200, 201).

1

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

## Discussion

After review of the record, the R&R, and the parties' objections, the Court agrees with and adopts the R&R as the order of the Court. In the R&R, the Magistrate Judge recommends that Defendants' supplemental motion for summary judgment be denied as to Plaintiff's claims for 1) medical indifference relating to the February 22, 2011 mace incident, 2) due process, and 3) conditions of confinement. However, the R&R recommends the Court grant Defendants' motion as to the remaining medical indifference claims, access to the courts claims, equal protection claims, conspiracy claims, and state law assault. Defendants object to the Magistrate Judge's recommendations regarding the medical indifference and due process claims, and further request the dismissal of Defendants which they assert are unrelated to these causes of action. Plaintiff objects to the dismissal of any of his claims.

    1)    Medical Indifference

As to the claim for medical indifference arising from the February 22, 2011 mace incident, Defendants assert they are entitled to summary judgment because a nurse evaluated Plaintiff after the incident. In support, Defendants provide an incident report of an officer which

states that Nurse Johnson assessed and cleared Plaintiff. (*See* Dkt. No. 122-11 at 2). However, Defendants do not provide notes from the treating nurse and there is no mention of mace in the medical record for that date. (*See* Dkt. No. 124-5 at 7). This lack of record evidence coupled with Plaintiff's attestation that he did not receive care following the incident, (Dkt. No. 136-6 at 1), creates a factual issue regarding his treatment.

Next, Defendants assert that even if Plaintiff was not treated following this incident, that he had a sink in his cell which he could have used to wash his face and that Plaintiff was therefore not deprived of an opportunity to clean himself following the use of the mace. However, there is nothing in the record to indicate whether the sink provided hot water, and there is evidence that Plaintiff had no soap and no clothing in his cell. The Court agrees with the Magistrate Judge that, taking the facts in a light most favorable to Plaintiff, there is an issue of fact whether Plaintiff's Eighth Amendment rights were violated when he was allegedly refused medical treatment and the opportunity to wash following the February 22, 2011 incident. *See Iko v. Shreve*, 535 F.3d 225 (4th Cir. 2008); *Walker v. Bowersox*, 526 F.3d 1186, 1189 (8th Cir. 2008) (finding triable Eighth Amendment issue where prisoner was barred from showering or changing for three days after pepper spray incident).

2) Due Process

Defendants also contend that Plaintiff cannot establish a violation of his due process rights based on his continued holding in "control cell status" for 341 days. While in control cell status, Plaintiff was without a mattress, security blanket, and hygiene products. Defendants argue that their policy allows for such a continuation and that Plaintiff was provided all the necessities of life during this period.

The Court agrees with the Magistrate Judge that there is an issue of fact whether Plaintiff's due process rights were violated. A prisoner may possess a liberty interest in avoiding a confinement classification where it "imposes [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). Given the duration of Plaintiff's "control cell" classification and the bare conditions to which he was subjected, the Court agrees with the Magistrate Judge that Plaintiff's liberty interests were implicated.

Finally, the Court agrees with the Magistrate Judge that Defendants have not shown, as a matter of law, that they provided sufficient procedural protections to Plaintiff. Defendants object that extending a prisoner's control cell status is within the discretion of institution officials under prison policy, and the Plaintiff continually violated prison rules while on control cell status which caused his classification to be extended. (Dkt. No. 200 at 4). However, as noted by the Magistrate Judge, the last record of a disciplinary conviction for the Plaintiff is dated August 1, 2011, yet he was held in control cell status until January 23, 2012. Thus, there is an inference that a 175-day period elapsed when Plaintiff did not have a disruptive incident but remained in control cell status. The record does not show that Plaintiff was provided any process at all during this period to contest his classification. Therefore, the Court agrees that Defendants' supplemental motion for summary judgment on Plaintiff's due process claim should be denied.

3) Defendants' Liability

As discussed above, Defendants argue that all the Defendants that are unrelated to these causes of action should be dismissed. For example, Defendants assert that Plaintiff accuses only Defendants Kenneth Parker and Nurse Johnson in his claim for medical indifference relating to the February 27, 2011 mace incident. (Dkt. No. 200 at 2). However, the Court finds that it is

4

premature at this point to limit the potential liability of the other Defendants. By separate order, the Court will appoint counsel for Plaintiff and issue a new scheduling order so that Plaintiff's claims surviving summary judgment may be more thoroughly explicated. Therefore, the Court declines at this time to limit the liability of the other Defendants as requested.

    4)    Plaintiff's objections

Plaintiff objects to the dismissal of any of his claims, but the Court finds that the Magistrate Judge properly considered each claim. The Court agrees that Plaintiff failed to present sufficient evidence to support his state law assault claim. Plaintiff generally references the allegations of his Complaint, but the allegations to which he points do not allege a threat of violence with actual malice or intent to harm; but rather regard his continued isolation without a mattress. *Steward v. Beaufort Cnty.*, 481 F. Supp. 2d 483, 492 (D.S.C. 2007) (analyzing assault claim against a Deputy Sheriff). Similarly, the Court agrees that Plaintiff's claims for conspiracy under § 1983 and state law are also speculative and conclusory and should be dismissed. Plaintiff also objects that his Equal Protection claim should proceed because he was not allowed out of control cell status because of his race. However, Plaintiff has not presented sufficient evidence in support of this argument to create a genuine issue of fact. Finally, Plaintiff objects to the Magistrate Judge's statement that he must suffer an injury to pursue an access to courts claim. The Court finds this to be an accurate statement of the law. *Strickler v. Waters*, 989 F.2d 1375, 1383-84 (4th Cir. 1993).

## Conclusion

As set forth above, the Court agrees with and adopts the R&R as the order of the Court. (Dkt. No. 183). Accordingly, the Defendants' supplemental motion for summary judgment, (Dkt. No. 120), is DENIED as to Plaintiff's claims for 1) medical indifference relating to the

February 22, 2011 mace incident, 2) due process, and 3) conditions of confinement. Defendants' motion is GRANTED as to all other claims. Plaintiff's motion for leave to file a supplemental complaint is DENIED as moot. (Dkt. No. 144).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

January 13, 2014
Charleston, South Carolina

6